755 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PATRICIA A. WALTERS, PLAINTIFF-APPELLANT,
v.
MARGARET M. HECKLER, SECRETARY OF HEALTH AND HUMAN SERVICES,
DEFENDANT-APPELLEE.
 NO. 83-3870
 United States Court of Appeals, Sixth Circuit.
 1/25/85
 
 BEFORE: LIVELY, CHIEF JUDGE; ENGEL and MARTIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff appeals from a judgment of the district court affirming the Secretary's decision denying plaintiff's application for social security disability benefits. The parties waived oral argument, and the case was submitted on briefs. At the time she filed her claim, plaintiff was 30 years old. She has had hearings before two administrative law judges, the decision following the first hearing having been vacated and the cause remanded upon appeal to the district court. Following the remand which was made for the purpose of receiving additional evidence concerning the plaintiff's non-exertional impairments, a new decision was entered by a different administrative law judge, again denying benefits. On appeal to the district court, this decision was affirmed and United States District Judge John D. Holschuh filed an opinion setting forth the reasons for affirmance.
 
 
 2
 There is no doubt that the plaintiff suffers from a number of impairments, but there is clearly substantial evidence in the record that none of the physical impairments, either singly or in combination, prevents her from performing a full range of sedentary work activities. The more serious question is whether her emotional or psychiatric condition renders her disabled within the meaning of the Act. Plaintiff has been diagnosed as having a borderline personality and her ability to function effectively has been impaired at times by excessive use of alcohol. Nevertheless, there is substantial evidence in the record that plaintiff retains the residual functional capacity to perform non-stressful sedentary work.
 
 
 3
 This court does not consider the case de novo. Our function is to determine whether the decision of the Secretary is supported by substantial evidence in the record. Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson v. Perales, 402 U.S. 389, 401 (1971). On the basis of the entire record we conclude that the plaintiff failed to establish that either her physical impairments or her psychological impairment, or the combination, rendered her disabled as defined in the Social Security Act.
 
 
 4
 Accordingly, the judgment of the district court is affirmed.